RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 4 / 3 / 12
⟋DP₃

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

ANDRE WINGO

CIVIL ACTION NO. 3:11-02027

VERSUS

MAGISTRATE JUDGE JAMES D. KIRK

CITY OF WEST MONROE, ET AL.

RULING AND ORDER

On November 17, 2011, Andre Wingo ("Wingo") filed suit pursuant to 42 U.S.C. §1983 and §1985(3) alleging the defendants, the City of West Monroe (the "City"), Officer Marie Knight ("Officer Knight"), Wal-Mart Louisiana, L.L.C. ("Wal-Mart") and Bears Towing and Recovery ("Bears Towing"), conspired to violate his constitutional rights by illegally seizing and impounding his vehicle.

On January 4, 2012, the City and Officer Knight filed a motion to dismiss (Doc. 5). Wal-Mart and Bears Towing filed their own motions to dismiss on January 11 and January 30, 2012, respectively. All motions were filed pursuant to FRCP 12(b)(6) and all defendants argued Wingo failed to set forth facts sufficient to establish a conspiracy claim pursuant to §1983 and failed to set forth the requisite allegation of discrimination to establishing a claim pursuant to §1985(3).

Wal-Mart and Bears Towing further argued that because Wingo could not articulate a viable claim for conspiracy, they could not be considered state actors. Thus, they were not subject to suit

under §1983.   The City and Officer Knight, in her official capacity, argued all claims against them should be dismissed for failure to set forth either a custom or policy or policymaker.  The City also argued it was not subject to punitive damages under §1983 and Officer Knight further argued she was entitled to qualified immunity with respect to claims asserted against her in her individual capacity.

Wingo filed oppositions to all of the motions to dismiss claiming the facts as pled were sufficient to state a claim for conspiracy (Doc. 18, 19 and 30).  Wingo also argued that Officer Knight, Wal-Mart and Bears Towing were state actors because they proceeded to tow his car pursuant to Louisiana Revised Statute 32:1736.  Finally, Wingo claimed that he could not identify a custom or policy to show municipal liability because he had not yet conducted discovery.

The aforementioned motions and oppositions as well as the defendants' replies (Docs. 26, 27 and 31) are currently before me for decision.

<u>FACTUAL BACKGROUND</u>

According to the facts presented by Wingo, on October 14, 2011, Wal-Mart contacted the West Monroe Police Department to advise that it suspected Wingo of shoplifting.  Officer Knight located Wingo as he was making his purchases and summoned him over.  Officer Knight advised Wingo he was under arrest and advised him of his <u>Miranda</u>[1] rights.  Officer Knight then searched Wingo's pockets

---

[1]   <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

where she located his car keys.

At some time, Wal-Mart contacted Bears Towing pursuant to La.R.S. 32:1736 to have Wingo's car removed from its parking lot. Upon arrival, Bears Towing requested the keys to Wingo's car which were provided by Officer Knight.[2]

LAW AND ANALYSIS

## Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss an action for "failure to state a claim upon which relief can be granted." In evaluating a Rule 12(b)(6) motion, the court must accept as true the well-pleaded facts in the plaintiff's complaint and must construe the facts in a light most favorable to the plaintiff. Arias-Benn v. State Farm Fire & Cas. Ins. Co., 495 F.3d 228, 230 (5th Cir. 2007). However, the Court need not "'accept as true conclusory allegations, unwarranted factual inference, or legal conclusions.'" Id., quoting Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005). To survive a Rule 12(b)(6) motion, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## Section 1983 Claims

To state a claim under 42 U.S.C. §1983, a plaintiff must

---

[2] According to the complaint, Wingo's car remained impounded as of the date of the filing, November 17, 2004.

establish two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States and (2) that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Bass v. Parkwood Hosp., 180 F.3d 234, 241 (5th Cir. 1999), citing Flagg Bros. v. Brooks, 436 U.S. 149 (1978). "[T]he under-color-of-state-law element of §1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

For a private citizen to be held liable pursuant to §1983, "the plaintiff must allege that the citizen conspired with or acted in concert with state actors. Priester v. Lowndes County, 354 F.3d 414, 420 (5th Cir. 2004). The private citizen must be a "willful participant in joint activity with the State or its agents." Id. "Plaintiffs who assert conspiracy claims under civil rights statutes must plead the operative facts upon which their claim is based. Bald allegations that a conspiracy existed are insufficient." Lynch v. Cannatella, 810 F.2d 1363, 1369-70 (5th Cir. 1987)(footnote omitted).

Wingo asserts in his oppositions that defendants Wal-Mart and Bears Towing acted under color of state law because they failed to follow La.R.S. 32:1736 which pertains to the towing of vehicles from private property. This contention lacks merit as "private misuse of a state statute does not describe conduct that can be attributed to the State". Ballard v. Wall, 413 F.3d 510, 518 (5th Cir. 2005), citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 936

4

(1982).  As the alleged failure to follow La.R.S. 32:1736 does not rise to the level of state action, Wal-Mart and Bears Towing may only be found to be state actors if they conspired with a state actor to deprive him of his constitutional rights under color of law.

The facts asserted by Wingo simply do not suggest, much less show, the defendants conspired and agreed to seize Wingo's car and deprive him of a constitutional rights under color of law. Instead, the facts show a sequence of events wherein an officer who was called out on suspicion of shoplifting became involved in the towing of a car.  Even if wrongful, such conduct does not rise to the level of a conspiracy.  Thus, Wingo's §1983 conspiracy claims against the defendants should be dismissed for failure to state a claim.

### City of West Monroe

To the extent Wingo's complaint is read as asserting a claim against the City under §1983, such a claim must fail.  To establish a claim against a municipality, Wingo would have to prove there was a policymaker, an official policy and a violation of a constitutional right whose "moving force" is the policy or custom. Monell v. Dep't of Social Services, 436 U.S. 658 (1978).  Wingo fails to identify either a policymaker or a policy or custom and without such he cannot show it was the moving force behind the alleged constitutional violation.  Wingo appears to make a claim that the City is liable because of the actions of Officer Knight. However, it has long been held that municipalities will not be held

liable under the theory of *respondeat superior*.  Id. at 694.
Accordingly, claims of civil rights violations by the City should
be dismissed.

Further, to the extent Wingo seeks to recover punitive damages
from the City, such claim should also be dismissed as no such
recovery is permitted in §1983 cases.  City of Newport v. Fact
Concerts, Inc., 435 U.S. 247, 271 (1981); Webster v. City of
Houston, 689 F.2d 1220, 1230 (5th Cir. 1982).

Officer Knight

To the extent Wingo claims Officer Knight, in her official
capacity, violated his civil rights, that claim should also be
denied.  A suit against an officer in his or her official capacity
is in essence a suit against the governmental entity itself.
Woodrus v. Andrus, 419 F.3d 348, 352 (5th Cir. 2005), citing Monell,
436 U.S. at 690 n. 55.  Thus, Wingo must still show that the City
had a policy or custom executed by Officer Knight which resulted in
the violation of a constitutional right.  As set forth above, Wingo
fails to point to any policy or custom.  Accordingly, all claims
against Officer Knight in her official capacity should be dismissed
for failure to state a claim.

To the extent Officer Knight is sued in her individual
capacity, she claims she is entitled to qualified immunity.  The
defense of qualified immunity may be considered on a motion to
dismiss and in order to survive a motion to dismiss, a plaintiff's
allegations must portray an objectively unreasonable violation of
a clearly established right .  Warnock v. Pecos City, 116 F.3d 776,

6

779 (5th Cir. 1997), citing <u>Seigert v. Gilley</u>, 500 U.S. 226, 231 (1991).

Officer Knight contends there is no violation of a constitutional right as she did not seize the vehicle. However, the allegations in the complaint show that Wingo's car was seized[3] and Officer Knight was personally involved in that seizure as she handed the keys to the tow truck operator.[4] Thus, Wingo sets forth an alleged constitution violation by Officer Knight.

Additionally, when one accepts Wingo's allegations as true for the purposes of this motion, it is conceivable Officer Knight's actions were objectively unreasonable in light of the clearly established Fourth Amendment standards. There is nothing to show whether probable cause or exigent circumstances required his vehicle be towed. There is no indication as to whether the vehicle was illegally parked, posed a danger to the safety of others and/or could not stay parked as it was until Wingo or someone he knew could return to move it. Thus, there is simply not enough evidence at this time to support a finding of qualified immunity.

<u>Section 1985 Claims</u>

In his complaint, Wingo states that this suit is brought pursuant to 42 U.S.C. §1985(3); however, Wingo has not alleged any facts which support a claim under §1985. To do so, Wingo must

_____

[3] A seizure occurs when there is "some meaningful interference with an individual's possessory interests in that property." <u>United States v. Jacobsen</u>, 466 U.S. 109, 113 (1984).

[4] "Personal involvement is an essential element of a civil rights cause of action." In <u>Thompson v. Steele</u>, 709 F.2d 381, 382 (5th Cir. 1983).

allege: "(1) a conspiracy involving two or more persons; (2) for the purpose of depriving directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property or a deprivation of any right or privilege of a citizen of the United States." Hilliard v. Ferguson, 30 F.3d 649, 652-653 (5th Cir. 1994). Wingo has failed to set forth any facts alleging racial or other class-based discrimination. Thus, he fails to set forth a cognizable claim for conspiracy under §1985.

Conclusion

In light of the foregoing:

IT IS ORDERED that the Motions to Dismiss filed by the City (Doc. 5), Wal-Mart (Doc. 11) and Bears Towing (Doc. 23) are GRANTED and Wingo's claims under §1983 and §1985(3) are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the Motion to Dismiss by Officer Knight (Doc. 5) is GRANTED IN PART and Wingo's §1983 claims for conspiracy and against her in her official capacity as well as his §1985(3) claim against her are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Wingo, a pro se plaintiff, be afforded leave to amend his complaint should he be able to assert facts sufficient to set forth the causes of action hereby dismissed. Wingo is reminded he must be able to: (1) set forth facts which establish with specificity a claim(s) for conspiracy, (2) set forth facts which satisfy the requirements of §1985(3) including, but not limited to, showing he was discriminated

against, (3) articulate a policy or custom which was the moving force behind the violation of his civil rights by the City and/or Officer Knight in her official capacity.  Wingo is also afforded the opportunity to set forth any applicable supplemental state law claims pertaining to private actors.  An amended complaint, if any, shall be filed within three weeks of the date of this order.

IT IS FURTHER ORDERED that Officer Knight's motion to dismiss (Doc. 5) with respect to §1983 claims against her in her individual capacity is DENIED.  However, Officer Knight is free to reurge her official capacity defense once the delay for Wingo to amend his complaint has run.

THUS DONE AND SIGNED at Alexandria, Louisiana on this ___3___ day of April, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

9